418 A.2d 1387

**Alma E. DOWD, Appellant,**

v.

**John R. DOWD.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1979.

Filed March 21, 1980.

Martha A. Morris, Langhorne, for appellant.

Robert Burke, Bristol, submitted a brief on behalf of John R. Dowd, appellee.

Before PRICE, VAN der VOORT and WIEAND,* JJ.

WIEAND, Judge:

The trial court found that Alma E. Dowd was not lawfully married to John R. Dowd and dismissed her petition for support. She appealed. We reverse and remand.

* Judge DONALD E. WIEAND is sitting by special designation.

Appellant had previously been married to Richard Boyer, who served in the United States Navy during World War II. In 1943, Boyer's mother "passed the word" that Boyer was dead. In 1960, John R. Dowd asked appellant to live with him as his wife, and the two began cohabitation. In that same year, appellee took appellant's prior marriage certificate and caused the name of John R. Dowd to be inserted in place of Boyer's. Thereafter, appellant and appellee lived together as husband and wife until May 27, 1978, when appellant left for good cause. At all times prior to the filing of appellant's petition for support, they continuously held themselves out as husband and wife. They filed seventeen joint income tax returns on which appellant was identified as appellee's wife and continuously maintained a joint checking account as husband and wife.

In 1963, appellant learned that her first husband was alive when she was served with a complaint in divorce issued from the Superior Court of the State of California for the County of Santa Clara. A final decree in divorce was entered on January 18, 1965. Appellant and appellee continued to live together as husband and wife without interruption.

In 1965, they took title to real estate in the City of Philadelphia as tenants by the entireties, and in 1972, they purchased real estate in Bucks County as husband and wife. The Bucks County property was sold in October, 1978, and the grantors were identified as John R. Dowd and Alma E. Dowd, his wife. In connection with that transaction, they executed a grantor's affidavit that they were husband and wife and had not been divorced since the acquisition of title.

The trial court concluded that the impediment of appellant's prior marriage precluded a valid contract of marriage. After removal of the impediment, the court held, the relationship between the parties could be converted into a valid marriage only by the consent and active agreement of both parties, which had to be established by clear and convincing evidence. A new agreement, after removal of the impediment, was not shown by the evidence in this case.

■ Where both parties, at the commencement of their relationship, know of an impediment which renders one of them incapable of contracting a valid marriage, the relationship is meretricious. A meretricious relationship once established is presumed to continue. It can be converted into a valid marriage, after the impediment has been removed, only by the consent of both parties, established by clear and convincing evidence. Continued cohabitation following removal of the impediment will not alone render the relationship valid. *In re Estate of Garges*, 474 Pa. 237, 378 A.2d 307 (1977); *Pierce v. Pierce*, 355 Pa. 175, 49 A.2d 346 (1946); *Wagner v. Wagner*, 152 Pa.Super. 4, 30 A.2d 659 (1943).

■ Where, at the time of entering a so-called marriage, one or both parties are ignorant of the impediment, the relationship is not meretricious, although the marriage is invalid. Whether continued cohabitation after the impediment has been removed is sufficient to convert the relationship into a valid marriage has not been determined unequivocally by the Supreme Court of this Commonwealth. The issue was considered by Judge Cercone in *Martin v. Martin*, 106 Pitts.L.J. 436, 439–40 (1958), and he concluded as follows: "Where a man and woman enter into the matrimonial relation in good faith ignorant and unaware of the existence of an impediment to their marriage, when such impediment is removed, if the parties continue matrimonial cohabitation, continue to recognize each other as husband and wife and are so recognized by their relatives, friends and by society, it will be held that from such moment they are actually husband and wife. Under such circumstances it is of no importance that a formal agreement to live together as husband and wife was not entered into, or that either did not know that the impediment to such agreement had not been removed when, in fact, it had been so removed, and both parties were competent to enter into the matrimonial state: 104 A.L.R. 6, 34; *Marich's Estate*, 8 D. & C. 645; Bergdoll's Estate, 7 Dist. 137; Beegle's Estate, 64 Pa.Superior 180; Thewlis's Estate, 217 Pa. 307 (1907)."

This view has now been adopted by statute in Pennsylvania. Section 17 of the Marriage Law of August 22, 1953, P.L. 1344, 48 P.S. § 1–17, provides:

"If a person, during the lifetime of a husband or wife with whom a marriage is in force, enters into a subsequent marriage pursuant to the requirements of this act, and the parties thereto live together thereafter as husband and wife, and such subsequent marriage was entered into by one or both of the parties in good faith in the full belief that the former husband or wife was dead, or that the former marriage has been annulled or terminated by a divorce, or without knowledge of such former marriage, they shall, after the impediment to their marriage has been removed by death of the other party to the former marriage, or by annulment or divorce, if they continue to live together as husband and wife in good faith on the part of one of them, be held to have been legally married from and immediately after the removal of such impediment."

According to this language, however, the statute does not become operative unless the subsequent marriage has been entered "pursuant to the requirements" of the Marriage Law. It is questionable, therefore, whether it can have application to a factual situation as is presently in issue, for here we are dealing with a common law marriage and not one that complied with the license requirements of the Act.

Nevertheless, the author of 1 Freedman, Law of Marriage and Divorce in Pennsylvania, 2d ed., at page 146, has commented: "It would seem . . . that the statutory provision is an adequate expression of public policy which would find judicial acceptance in cases of common law marriage."

In at least one case, the statute did receive such acceptance, albeit by dictum. In *Commonwealth ex rel. Wenz v. Wenz*, 195 Pa.Super. 593, 600, 171 A.2d 529, 532–33 (1961), Judge Watkins wrote for a unanimous court: "The phrase 'pursuant to the requirements of this act' does not mean only those parties married in Pennsylvania in strict compliance with our legal requirements but all residents of the

Commonwealth regardless of where married, if the marriage substantially conforms to the requirements of the act, which included a specific recognition in § 23 of the validity of a common-law marriage." See also: *Jones v. Jones*, 19 D. & C.2d 209 (1959).

In a majority of those states which recognize common law marriages, the rule is that continued cohabitation following the removal of an impediment to marriage (such as an existing undissolved marriage) will result in a common law marriage where both parties were ignorant of the impediment, and therefore were acting in good faith at the time they contracted the invalid marriage. 52 Am.Jur.2d, Marriage §§ 58, 59.

■ We believe this to be the better rule; and therefore, we hold that whenever one or both parties enter a matrimonial relationship in good faith, ignorant of an impediment to a valid marriage, continued cohabitation after the impediment has been removed results in a valid marriage. In such instances, a lack of knowledge that the impediment has been removed will not prevent the common law marriage from coming into existence. *Martin v. Martin*, supra.

In the instant case, the trial court found that appellee had asked appellant to live with him "as his wife," that she accepted his offer, that the parties cohabited for almost eighteen years during which they held themselves out and were known as husband and wife. The court concluded, however, that appellant's prior marriage constituted an impediment to a valid marital relationship, and that the parties had not entered a new contract of marriage after the impediment had been removed. Therefore, the court held that a valid marriage had not been established. By this disposition, the court found it unnecessary to consider whether one or both of the parties had been ignorant of the impediment, i. e., that appellant's husband was alive, when they entered a would-be marriage relationship in 1960. Under the Pennsylvania rule which we have applied, however, this issue is determinative. Therefore, it is necessary that we remand for additional findings and conclusions and the

taking of such additional evidence, if any, which the parties may choose to offer and the trial court may require in order to make the necessary findings. After the court has made final disposition of appellant's support claim, either party may again obtain appellate review.

Reversed and remanded for additional proceedings in accordance with the foregoing opinion.