516 A.2d 21

**Karen STEADMAN, Appellant**

v.

**Alonzo TURNER.**

Superior Court of Pennsylvania.

Argued June 4, 1986.

Filed Sept. 3, 1986.

Reargument Denied Oct. 24, 1986.

Burton L. Fish, Erie, for appellant.

David M. Neil, North East, for appellee.

Before ROWLEY, DEL SOLE and CERCONE, JJ.

CERCONE, Judge:

This appeal, in an action for divorce, is taken from the decree of the court that a valid marriage did not exist

between the parties. Appellant contends that a valid common law marriage existed between the parties thereby entitling her to equitable distribution of marital assets under the Pennsylvania Divorce Code [1] ("Divorce Code") in an action for divorce or, in the alternative, under the principles of annulment of marriage. We agree with the court below that a marriage did not exist and that appellant is not entitled to the relief requested.

The scope of review to be applied by this court was set forth in *Stauffer Estate*, 372 Pa. 537, 542, 94 A.2d 726, 729 (1953): "[F]indings of fact, [that a common law marriage had taken place], approved by the court *en banc*, will not be disturbed on appeal except for clear error." As the reviewing court, we are bound to scrutinize all the evidence, but if there is sufficient evidence to support the factual findings of the court below, such findings shall not be disturbed. *Commonwealth v. Pilla*, 189 Pa.Superior Ct. 302, 150 A.2d 365 (1959).

The facts of this case as presented to the Domestic Relations Master and affirmed by the lower court are as follows. The parties to this action, although already married to third parties, began living together in 1979. At that time both parties were aware of the marital status of the other. Appellee was granted a divorce in 1980, and in 1982 a child was born to the parties. Appellant was divorced in 1983, and thereafter said to appellee, "We can get married now". Appellee answered that he did not want to get married. Appellant claims her statement referred only to a formal marriage ceremony and that she believed that she and appellee were already married under common law. In support of this assertion, appellant offers newspaper reports of the birth of their child in which appellee referred to appellant as his wife, and other evidence that appellee generally represented in the community that appellant was his wife. Appellee affirmatively denies the existence of a marriage.

1. Act of April 2, 1980, P.L. 63, No. 26; 23 P.S. §§ 101–1015.

■ Common law marriage is still valid in Pennsylvania. *DeMedio v. DeMedio*, 215 Pa.Superior Ct. 255, 257 A.2d 290 (1969); *Buradus v. Gen. Cement Prod. Co.*, 159 Pa.Superior Ct. 501, 502, 48 A.2d 883 (1946). An essential element for a common law marriage is intent to establish a marital relationship. Evidence of intent may consist of words uttered in the present tense with a view and for the purpose of establishing the relation of husband and wife. *Stauffer Estate, supra; Gower Estate*, 445 Pa. 554, 284 A.2d 742 (1971); *Commonwealth v. Sullivan*, 484 Pa. 130, 398 A.2d 978 (1979). Although the use of *verba de prasenti* in entering into a marriage contract is not essential, *In re Estate of Stauffer*, 504 Pa. 626, 476 A.2d 354 (1984), cohabitation and reputation of marriage do not create a marriage, but are only mere circumstances from which a marriage may be presumed and rebutted by other facts and circumstances. *Pierce v. Pierce*, 355 Pa. 175, 49 A.2d 346 (1946); *Wagner's Estate*, 398 Pa. 531, 159 A.2d 495 (1960). Furthermore, where a relationship is meretricious in its inception, there must be clear evidence of change in status to rebut the presumption that the non-marriage continued after the impediment to marriage was removed. *Pierce v. Pierce, supra; Stauffer Estate, supra; In re Estate of Garges*, 474 Pa. 237, 378 A.2d 307 (1977).

■ In the instant case, an impediment to marriage existed when the relationship between the parties began. Because both parties knew about the impediment, their relationship was meretricious. *Pierce v. Pierce, supra; In re Estate of Garges, supra; Dowd v. Dowd*, 275 Pa.Superior Ct. 472, 418 A.2d 1387 (1980). The existence of the impediment to marriage rendered appellant's evidence of cohabitation and reputation of marriage which occurred before removal of the impediment (when appellant's divorce was granted in 1983) incapable of raising a presumption of marriage. Appellant's evidence of cohabitation and reputation of marriage which occurred after removal of the impediment is equally unavailing to rebut the presumption that the non-marriage continued. For the court to find that the

parties entered into a valid marriage contract there must be clear evidence of an intent to enter into a marriage after appellant was granted her divorce. However, the only evidence is that of appellee's affirmative denial of an intent to marry made shortly after the impediment was removed. Finally, although there is a presumption of marriage when the legitimacy of a child is involved, the presumption does not arise where legitimacy is impossible because an impediment to marriage exists at the time of the child's birth. Thus, appellant's claim that a common law marriage existed must fail.

 Appellant's alternative claim that equitable distribution is available under section 203 of the Divorce Code in an action for annulment is also without merit. 23 P.S. § 203. Annulments are available for void and voidable marriages. Thus, there must still be a finding that a marriage existed for a relationship to be dissolved by annulment and, for the above stated reasons, appellant has failed to prove the existence of a marriage. Appellant's reference to the terms in the statute "supposed or alleged marriage" does not bring her meretricious relationship within the scope of annulment.

Order affirmed.