[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action alleging that the parties entered into a common law marriage relationship in Pennsylvania. The plaintiff seeks a dissolution of marriage and financial orders in reference thereto. The defendant denies a marriage relationship exists. The court granted the defendant's motion for bifurcating the trial and held hearings on January 17, 1992 and January 22, 1992 to first determine whether or not the parties are married.
The court finds the following facts: The parties met in 1976 in Berkeley, California. The plaintiff was a college student, and the defendant was attending law school. In the summer of 1978 they started living together. They first resided in California, and in the fall of 1980 they moved into the defendant's apartment in New York City. This arrangement continued until the fall of 1984.
In September, 1984, the plaintiff entered the Wharton School of Business of the University of Pennsylvania in Philadelphia, Pennsylvania. The plaintiff moved into a dormitory at the school. The defendant moved his clothing into the plaintiff's suite, and he resided with the plaintiff there from Friday evening to Monday morning almost every weekend. On Monday mornings the defendant would return to his employment as an attorney at law in New York City and lived in his New York apartment during the work week. This pattern of living arrangements continued for the two academic years spent by the plaintiff in Pennsylvania. She graduated in May. 1986. The parties, thereafter, lived together in Greenwich, Connecticut in property they purchased in joint names. They separated permanently in May, 1989, when the defendant moved out of the Connecticut home.
During the plaintiff's first academic year at the Wharton School, she shared her dormitory suite with a female roommate. The plaintiff introduced the defendant to her roommate as "John", and at times, the plaintiff referred to the defendant as her "husband" while the defendant and her roommate were present. In 1985, the CT Page 79 plaintiff introduced the defendant as her husband to a new classmate. However, other friends of the defendant testified that they were never informed by the parties that they were married either during the years 1984-1986 or thereafter.
For the years the parties spent time in Pennsylvania, the plaintiff filed applications for financial aid stating she was a single person and filed an 1986 federal income tax return as a single person. In 1986, after the plaintiff graduated from Wharton, the parties applied for a mortgage to purchase property in Connecticut. The plaintiff stated on the mortgage application that she was single. On her 1987 and 1988 federal income tax returns, the plaintiff reported her marital status as being single.
Connecticut does not recognize as a valid marriage a living arrangement entered into in this state which could be categorized as a common law marriage. Collier v. Milford, 206 Conn. 242
(1988). However, it is an accepted rule that a marriage that is valid in the state where contracted is valid everywhere, unless for some reason the marriage is contrary to the strong public policy of the state required to rule on its validity. Catalano v. Catalano,148 Conn. 288, 291 (1961).
Before reaching the issue of whether or not Connecticut would recognize the parties relationship as a common law marriage, the court must first determine what the Pennsylvania law is as to common law marriages, and if the parties relationship would be recognized as a marriage in that state.
Pennsylvania recognizes common law marriages; pursuant to case law and statute, 23 Pa. C.S.A. Section 1103. The court first looks to find a present exchange of words between the parties which clearly and unambiguously indicate their intentions to be married. This usually is difficult to prove. Therefore, the courts have established a rule which provides a rebuttable presumption that the parties are married if they have engaged in "constant cohabitation" and have a general reputation in the community in which they live, rather than a partial or divided reputation, as husband and wife.
The burden of proof is substantial in order to establish a common law marriage in Pennsylvania. The plaintiff must prove its existence by clear and convincing evidence.
An essential element for a common law marriage is intent to establish a marital relationship. Evidence of intent may consist of words uttered in the present tense for the purpose of establishing the relation of husband and wife. Steadman v. Turner,357 Pa. Super. 361 (1986). Cohabitation and reputation of marriage do not alone create a marriage. They are only mere circumstances from which a marriage may be inferred and rebutted by other facts CT Page 80 and circumstances. In re Estate of Stauffer, 504 Pa. 626 (1984).
The court has carefully considered the evidence presented and the excellent briefs of counsel. The court concludes that the plaintiff has failed to sustain her heavy burden of proof by clear and convincing evidence that a valid common law marriage under Pennsylvania law exists as a result of her relationship with the defendant in Pennsylvania during the years 1984 through 1986.
The evidence presented has failed to convince this court that it was the parties intention to enter into a marriage relationship. Neither their words or actions demonstrated that intention. Each parties' credibility leaves something to be desired. It appears that when it suited their purpose, they represented the plaintiff as being single; (financial aid applications; federal income tax returns) then represented themselves as being married ((I.D. card for defendant to use gym facilities at Wharton).
The plaintiff is not assisted in her attempt to establish a marital relationship with the defendant by presenting evidence of constant cohabitation and of having a general reputation of husband and wife.
The parties, at best, during the years 1984-1986, lived together two and one-half days per week for 90%-95% of the weekends during that period. The defendant maintained a New York apartment where he resided by himself the rest of the week. The evidence indicates the parties were conducting a long distance relationship which included weekend visits by the defendant. The plaintiff has failed to convince the court that constant cohabitation occurred during the period in question.
Also, the plaintiff has failed to carry her burden of proof on the element of general reputation. The only credible evidence presented by the plaintiff was that the parties were known to a few people as man and wife. This evidence falls far short of establishing a general reputation in the community where the parties lived.
Once again, the plaintiff made inconsistent statements in asserting her marital status. The plaintiff offered no credible explanation of the reason for stating on an application to obtain a mortgage loan in 1986 that she was unmarried.
In summary, the plaintiff has failed to present sufficient evidence to raise the presumption of a common law marriage under Pennsylvania law. Even if she had, the presumption was rebutted by the failure of proof of a present intention to be husband and wife by the parties during the years spent by the plaintiff at the Wharton School. CT Page 81
The court's conclusion that the parties are not married under the laws of Pennsylvania means that they could not be married under the laws of Connecticut. Since there is no marriage, the plaintiff is not entitled to the relief sought in her complaint.
The plaintiff's complaint is hereby dismissed.
NOVACK, J.