## Boatright v. Boatright

*Phyllis Jin,* for plaintiff.
*Fred Heintz,* for defendant.

SOLOMON, *J.,* July 30, 1992—The defendant, Stephen Boatright, filed a petition, under 23 Pa.C.S. §3306, to determine the marital status of the parties. At the hearing held pursuant to the petition, only the defendant and the plaintiff, Marcia Boatright, testified. The defendant tes-

tified that the parties resided together from 1978 until 1991, and that, when they first resided together, the plaintiff was married to one Sherman Jones (according to court documents found at 124 of 1981, G.D., a decree in divorce was filed on September 18, 1981, ending that marriage). He further testified that he once asked her to marry him and she refused, and that, although she used the name "Boatright" from 1978 on, he never considered the plaintiff to be his wife.

The plaintiff testified that she intended a common-law marriage, and that, from the first day that she cohabited with the defendant, she considered herself married to the defendant, even though she acknowledged her marriage to Sherman Jones. The plaintiff admits that there were never any discussions, or an agreement, that she and the defendant "would be common-law."

Under Pennsylvania law, marriage is a civil contract, requiring no specific form or words to create the contract; all that is necessary is "proof of an agreement to enter into the legal relationship of marriage at the present time." *Estate of Gavula,* 490 Pa. 535, 540, 417 A.2d 168, 171 (1980). A valid marriage will be found if there is sufficient evidence to prove that it was the parties' intention to enter into a marriage relationship. *In re Estate of Stauffer,* 315 Pa. Super. 501, 462 A.2d 750 (1983). Because of the problems of proof associated with establishing the existence of a marriage contract, our courts have developed certain presumptions.

Cohabitation together with a general reputation as husband and wife in their community raise a presumption that the parties have contracted marriage. *In re Estate of Garges,* 474 Pa. 237, 378 A.2d 307 (1977). However,

this presumption is rebuttable and "will wholly disappear in the face of proof that no marriage has occurred." *Commonwealth ex rel. McDermott v. McDermott,* 236 Pa. Super. 541, 544, 345 A.2d 914, 915 (1975).

Where, as here, however, when both parties, at the commencement of their relationship, know of an impediment which renders one of them incapable of contracting a valid marriage, the relationship is meretricious. *Dowd v. Dowd,* 175 Pa. Super. 472, 418 A.2d 1387 (1980). Once established, a meretricious relationship is presumed to continue. *Id.* It can be converted into a valid marriage, after the impediment has been removed, only if the consent of both parties to enter into a valid marriage is established by clear and convincing evidence. *Id; Stauffer Estate,* 372 Pa. 537, 94 A.2d 726 (1953). This burden is carried by a claimant who asserts the existence of a marriage. *In re Cummings Estate,* 330 Pa. Super. 255, 479 A.2d 537 (1984). Further, since our courts regard common-law marriage as a fruitful source of fraud and perjury, the burden imposed on a party who claims the existence of a common-law marriage is a heavy one. *Estate of Gavula, supra.*

Instantly, an impediment existed which prevented a valid marriage. Until the plaintiff was divorced from Sherman Jones, she was incapable of contracting a valid marriage. Yet, her testimony was that she considered herself married, when, in reality, a meretricious relationship existed. Once she was divorced, the impediment was removed. However, there was no evidence that at that time, or at any later time, the parties consented to enter into a valid marriage. On the contrary, the defendant testified that he never considered the plaintiff to be his

wife, and the plaintiff testified that there was never any discussion or agreement to enter into a common-law marriage.

Under such circumstances, and with the presumptions set forth *supra,* it is apparent that the plaintiff, as the one asserting the existence of a valid common-law marriage, has failed to meet her strict burden of establishing by clear and convincing evidence the consent of both parties to enter into a valid common-law marriage. Thus, the meretricious relationship established was not converted into a valid marriage.

Wherefore, we will enter the following decree.

### DECREE

And now, July 30, 1992, it is ordered, adjudged and decreed that the common-law marriage claimed by the plaintiff is declared invalid.